**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7662

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-01-828-HMH-7)

Submitted: July 26, 2006          Decided: August 8, 2006

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian Wright, Appellant Pro Se. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brian Wright, a federal prisoner, appeals the district court's denial of his pro se motion to compel the Government to file a motion for reduction in sentence pursuant to Fed. R. Crim. P. 35(b). We affirm.

Wright pled guilty pursuant to a plea agreement that contained a provision whereby the Government would "move the Court to depart from the United States Sentencing Guidelines, pursuant to § 5K1.1 of those Guidelines, and Title 18, United States Code, Section 3553(e) and/or move the Court for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure." Wright asserts that prior to sentencing, the Government approached him, explaining that his assistance was not complete until his co-defendants had been apprehended and convicted. Wright further alleges that the Government promised to file a Rule 35(b) motion if Wright's co-defendants were captured and pled or were found guilty within one year after his sentence. Wright claims that because this motion has not been filed, the Government has breached the plea agreement. We disagree.

On the day of Wright's sentencing, the Government filed a Motion for Downward Departure pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) (2000), that requested the court to depart downward in response to Wright's substantial assistance. The motion noted that Wright's cooperation was responsible for the

decision of "five of his co-defendants to plead 'guilty' to the conspiracy charges contained in the indictment." We conclude the plea agreement required no more. By its explicit terms, the agreement simply did not obligate the Government to file a Rule 35 motion regardless of the extent of Wright's assistance. Moreover, neither the record nor any other documentation supports Wright's assertion that the plea agreement was amended to require the Government to file a Rule 35 motion. We therefore find that the Government fully fulfilled its obligations. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED